UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JERRETT WILDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00104 |
| | ) | |
| UHG I, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS**
**(Doc. 8)**

Plaintiff Jerrett Wilde brings a single-count complaint against defendant UHG I, LLC

("UHG") alleging that UHG violated the Federal Fair Debt Collection Practices Act ("FDCPA")

by filing a time-barred lawsuit against him in a Texas state court to collect a debt of Mr. Wilde's

that UHG had purchased from another entity. UHG moves to dismiss Mr. Wilde's complaint for

failure to state a claim, arguing principally that it is a "creditor," not a "debt collector," as the

FDCPA defines those terms and, consequently, is not subject to the FDCPA. The court disagrees

and denies UHG's motion to dismiss.

**Background**

Mr. Wilde, a resident of Texas, "incurred an obligation to pay money arising out of . . . an

installment loan agreement account originated by Republic Bank & Trust Company and serviced

by NetCredit." (Doc. 1 ¶¶ 5, 14.) That debt "was bought and sold multiple times and was finally

purchased by UHG I, LLC," a limited liability company that transacts business in New York and

has its principal place of business in Williamsville, New York. (*Id.* ¶¶ 6, 14.) "Documentation

sent to [Mr. Wilde] clearly notes that the date of the last payment on the alleged account was

October 13, 2017." (*Id.* ¶ 15.)

On February 3, 2022, UHG filed suit against Mr. Wilde in Texas state court in "an attempt to collect the alleged debt." (*Id.* ¶ 16.) But Texas's four-year statute of limitations to collect on debt had expired by that time.[1] (*Id.*) UHG "clearly filed suit . . . on a time-barred debt." (*Id.* ¶ 17.) In addition, UHG "failed to maintain . . . procedures to avoid errors under the FDCPA[] during the collection of [Mr. Wilde's] alleged debt." (*Id.* ¶ 18.) UHG acted "maliciously" by filing the lawsuit to "coerce" Mr. Wilde into paying the debt. (*Id.* ¶¶ 19–20.) UHG "attempted to collect a debt by communicating false and misleading representations or utilizing deceptive means"; "attempted to collect a debt by intentionally mischaracterizing and misrepresenting the character and legal status of the debt"; and "utilized unfair and unconscionable means to collect the alleged debt."[2] (*Id.* ¶¶ 22–24.)

Based on these allegations, Mr. Wilde brought a single-count complaint against UHG for violating portions of the FDCPA, specifically 15 U.S.C. §§ 1692e and 1692f. (*Id.* ¶¶ 29–41.) UHG moves to dismiss Mr. Wilde's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) Mr. Wilde opposes the motion. (Doc. 11.) UHG filed a reply memorandum. (Doc. 15.) The court elects to rule on the papers.

## Legal Standard

In ruling on a motion to dismiss, the court accepts as true the allegations of the complaint and draws all reasonable inferences in favor of the non-moving party. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Matson v. Bd. of Educ.,* 631 F.3d 57, 63 (2d Cir. 2011). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004.

[2] Many of these allegations contain legal conclusions, which the court does not accept at the motion-to-dismiss stage. *See Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009).

its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));

*see also* Fed. R. Civ. P. 8(a)(2). A claim is plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678). Dismissal is

appropriate when "it is clear from the face of the complaint, and matters of which the court may

take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco,*

*Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

**Analysis**

To state a claim under the FDCPA, a plaintiff must allege three elements: "(1) the

plaintiff [is] a 'consumer' who allegedly owes the debt or a person who has been the object of

efforts to collect a consumer debt"; "(2) the defendant collecting the debt is considered a 'debt

collector'"; and "(3) the defendant has engaged in any act or omission in violation of FDCPA

requirements." *Wilkins v. Specialized Loan Servicing, LLC*, 623 F. Supp. 3d 264, 270 (S.D.N.Y.

2022) (quoting *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010)).

UHG moves to dismiss Mr. Wilde's complaint primarily based on the second element.

(Doc. 8-1 at 5–12.) UHG contends that the statutory definitions of "creditor" and "debt collector"

are "mutually exclusive." (Doc. 8-1 at 7.) Because UHG argues that it is a "creditor," not a "debt

collector," it claims that it is not subject to the FDCPA. (*Id.* at 9–12.) Mr. Wilde does not directly

address that issue; instead, he argues that UHG is a "debt collector" as the FDCPA defines that

term. (Doc. 11 at 11–15.) The court addresses UHG's legal argument first.

I.      **The Definitions of "Creditor" and "Debt Collector" Are Not Mutually Exclusive**

UHG is correct that the FDCPA separately defines the terms "creditor" and "debt

collector." *See* 15 U.S.C. § 1692(4), (6). Starting with "creditor," the FDCPA defines that term

3

as "any person who offers or extends credit creating a debt or to whom a debt is owed."

15 U.S.C. § 1692a(4). However, the definition excludes "any person to the extent that he

receives an assignment or transfer of a debt in default solely for the purpose of facilitating

collection of such debt *for another*." *Id.* (emphasis added).

Moving to "debt collector," the FDCPA defines that term in pertinent part as "any person

who uses any instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.

§ 1692a(6). The definition of "debt collector" in the FDCPA is explicitly phrased in the

disjunctive, meaning a party that does not collect debts "due another" could still be a "debt

collector" if it "uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts." *Id.*; *see also Obduskey v. McCarthy &*

*Holthus LLP*, 139 S. Ct. 1029, 1037 (2019) (explaining that § 1692a(6) contains two definitions

of "debt collector"); *Villalba v. Houslanger & Assocs., PLLC*, No. 19-CV-4270, 2022 WL

900538, at *14 (E.D.N.Y. Mar. 28, 2022) (noting two definitions of "debt collector").

UHG is incorrect, however, that the terms "creditor" and "debt collector" are mutually

exclusive. Applying the statutory definitions to the allegations in this case demonstrates why.

Starting with the definition of "creditor," UHG is likely right that it fits that definition because it

is "any person . . . to whom a debt is owed." 15 U.S.C. § 1692a(4). And UHG does not fall

within the exclusion to that definition because Mr. Wilde does not allege that UHG "receive[d]

an assignment or transfer of a debt in default solely for the purpose of facilitating collection of

such debt *for another*." *Id.* (emphasis added); *see also Henson v. Santander Consumer USA Inc.*,

4

582 U.S. 79, 88 (2017) (making this point). That is because UHG bought the debt and seeks to collect the debt for itself. Thus, UHG could plausibly be a "creditor."

Still, UHG could potentially fall within the definition of "debt collector" at the same time. UHG argues that it does not "regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*" because it is collecting the debts for *itself.* 15 U.S.C. § 1692a(6) (emphasis added). But because the definition of "debt collector" in the FDCPA is phrased in the disjunctive, a party that does not collect debts "due another" could still be a "debt collector" if it "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." *Id.* That definition could apply to a party like UHG.

Of course, a party still might not be a "debt collector" if it comes within any of the exceptions to that term. *See id.* § 1692a(6)(A)–(F). For example, a party like UHG may be attempting to collect a debt that was *not* in default at the time UHG obtained the debt. *Id.* § 1692a(6)(F)(iii) ("The term ['debt collector'] does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person."). Here, however, Mr. Wilde's complaint appears to allege that the debt was in default at the time UHG attempted to collect it. (Doc. 1 ¶¶ 15–17.) If so, UHG would not fall within that specific exception to the definition of "debt collector."

Under certain circumstances, therefore, a party like UHG could plausibly be both a "creditor" and a "debt collector" under the FDCPA. *Cf. Henson*, 582 U.S. at 87–88 ("[E]ven spotting (without granting) the premise that a person cannot be both a creditor and a debt collector with respect to a particular debt . . . ."); *Villalba*, 2022 WL 900538, at *14 ("*Henson*

expressly declined to hold that a person cannot be both a creditor and a debt collector with respect to a particular debt." (internal quotation marks omitted)).

At least one other court has come to the same conclusion, explaining that "'[A] *debt buyer* whose only or principal business consists of purchasing defaulted debt and then collecting on that debt for its own profit . . . meets both the "creditor" and "debt collector" definition under the FDCPA.'" *Villalba*, 2022 WL 900538, at *14 (quoting *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787, 2019 WL 4752093, at *4 (E.D.N.Y. Sept. 30, 2019)). This court agrees with Judge Chen's careful and thorough analysis in *Villalba*.

First, the *Villalba* court rejected the argument that the exclusion to the definition of "creditor" for "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt *for another*" applied to a debt collector who purchased debt to collect for its own account. *Id.* (quoting 15 U.S.C. § 1692a(4)). The court explained:

> [J]ust because the express exception to the creditor definition does not include an entity that collects purchased debts for itself, that does not mean an entity that otherwise counts as a creditor cannot *also* be a debt collector under Section 1692a(6). It means only that an assignee who collects a defaulted debt for another is not *also* a creditor.

*Id.* Next, the court explained that the Supreme Court's decision in *Henson* only addressed one of the two statutory definitions of "debt collector" under the FDCPA. *Id.* As a result, "[t]he Court in *Henson* explicitly declined to address whether such an entity would be a debt collector based on the FDCPA's *first* definition of a debt collector." *Id.* (internal quotation marks omitted). The *Villalba* court explained, "*Henson* thus said nothing about whether an entity with the principal purpose of collecting debts can be both a creditor and a debt collector." *Id.* This court agrees with the *Villalba* court's reasoning on both points.

6

Beyond the statute, UHG cites to numerous cases from various circuit courts of appeals for the proposition that the terms "creditor" and "debt collector" are mutually exclusive under the FDCPA. But each case relies on legal analysis that the Supreme Court has since explicitly rejected. In *Bank of New York Mellon Trust Co. North America v. Henderson*, 862 F.3d 29, 34 (D.C. Cir. 2017), *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012), and *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), circuit courts stated that the terms are "mutually exclusive." However, *Henderson* quotes *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 498 (7th Cir. 2008), which in turn quotes *Schlosser*. That leaves the analysis from *Bridge* and *Schlosser* only.

Both cases held that one exclusion to the definition of "debt collector," § 1692a(6)(F)(iii), created the dividing line between the definition of "creditor" and "debt collector." *Bridge*, 681 F.3d at 359 ("The distinction between a creditor and a debt collector lies precisely in the language of § 1692a(6)(F)(iii)."); *Schlosser*, 323 F.3d at 536 (citing and explaining § 1692a(6)(F)(iii)). That subsection explains that the term "debt collector" "does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such a person." 15 U.S.C. § 1692a(6)(F)(iii). The *Schlosser* court reasoned that "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." *Schlosser*, 323 F.3d at 536; *see also Bridge*, 681 F.3d at 359 ("For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired."). This is reasoning by "necessary inference." *Henson*, 582 U.S. at 87. In other words, the circuit courts reasoned that

7

because the definition of "debt collector" *excludes* a party collecting non-defaulted debt, the definition of "creditor" necessarily *includes* a party collecting non-defaulted debt.

In *Henson*, the Supreme Court addressed and explicitly rejected this reasoning.[3] *Henson*, 582 U.S. at 87 (explaining petitioners' argument based on § 1692a(6)(F)(iii)). The Court rejected the circuit courts' understanding of "debt collector," explaining that "while the statute surely excludes from the debt collector definition certain persons who acquire a debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts acquired after default." *Id.* The Court also rejected the similar "necessary inference" from the definition of "creditor." *See id.* Because the logic upon which the above-cited circuit court opinions relied for the proposition that the terms "creditor" and "debt collector" are mutually exclusive is no longer good law, neither, then, is the proposition. *See Manchanda v. Educ. Credit Mgmt. Corp.*, No. 19 Civ. 5121, 2022 WL 137885, at *5 (S.D.N.Y. Jan. 14, 2022) (recognizing that *Henson* rejected *Bridge* and *Schlosser*).

Therefore, the court rejects UHG's motion to dismiss based on this argument. With these legal principles in mind, the court turns to an analysis of Mr. Wilde's pleading.

## II.      Analysis of Pleading

UHG also moves to dismiss Mr. Wilde's complaint, arguing that he has failed to plausibly allege that UHG is a "debt collector." (Doc. 8-1 at 11.) According to UHG, Mr. Wilde's complaint "merely alleges that UHG is a debt collector through tracking the statutory

---

[3] At least one other court also rejected the conclusion that the terms "creditor" and "debtor" are mutually exclusive before *Henson*, explaining that the proposition "finds no support in the text of the FDCPA." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 n.2 (9th Cir. 2013) (citing *McKinney* and *Bridge*).

definition in the FDCPA," meaning the complaint "is devoid of specific factual allegations supporting Plaintiff's claim." (*Id.*) Mr. Wilde opposes that argument. (Doc. 11 at 11.)

Mr. Wilde alleges that UHG is attempting to collect on debt that UHG now owns. (Doc. 1 ¶ 14.) That means Mr. Wilde is *not* alleging that UHG "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or *due another*" and, therefore, must be alleging that UHG fits the first of the two alternate definitions of "debt collector."

Under that first definition, Mr. Wilde must allege that UHG is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). Mr. Wilde's complaint contains three allegations relevant to this definition of "debt collector."

First, Mr. Wilde alleges that UHG filed suit against him in the Justice Court of Bexar County, Texas "despite the fact that the account had expired the 4-year statute of limitations to sue consumers in the State of Texas." (Doc. 1 ¶ 16.) But the filing of a court case in Texas does not show that UHG "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." *See Rosello v. Keathel Chauncey Esq.*, No. 19-CV-3027, 2022 WL 972425, at *8 (M.D. Fla. Mar. 31, 2022) (rejecting plaintiff's motion for summary judgment on FDCPA claim where plaintiff's evidence that defendants used any instrumentality of interstate commerce or the mails "simply parrot[ed]" the statutory definition and rejecting argument that defendants used the instrumentalities of interstate commerce or the mail by filing a state lawsuit).

Second, Mr. Wilde alleges:

Upon information and belief, the principal purpose of UHG is the collection of debts using the legal system, consumer reporting agencies, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or

9

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

(Doc. 1 ¶ 7.) On the one hand, courts do not accept a formulaic recitation of the necessary elements to a cause of action. *Iqbal*, 556 U.S. at 678. And other courts have rejected similar pleadings. *See, e.g., DeMarquis v. Alorica, Inc.*, No. 20-CV-634, 2021 WL 1930303, at *2 (W.D. Tex. May 13, 2021) (conclusory allegations that defendant used instrumentalities of interstate commerce and the mail were insufficient to survive Rule 12(b)(6) motion), *report and recommendation adopted*, 2021 WL 8018064 (W.D. Tex. June 21, 2021); *cf. Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191, 2020 WL 6140054, at *4 (E.D.N.Y. Sept. 1, 2020) (analyzing FLSA claim and concluding that "[t]he minimal allegations in the Complaint about interstate commerce are made solely on information and belief, and such allegations are accorded no weight, even on default"), *report and recommendation adopted*, (E.D.N.Y. Oct. 19, 2020).

However, the Second Circuit has explained that pleadings "alleged 'upon information and belief'" satisfy the *Iqbal* and *Twombly* standard where either "the facts are peculiarly within the possession and control of the defendant" or "where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Setting aside the first possibility, Mr. Wilde has satisfied the second.

In his responsive briefing, Mr. Wilde includes a webpage from the Minnesota Department of Commerce demonstrating UHG's address as a business in New York and maintenance of a Minnesota license for debt collection.[4] (*See* Doc. 11-2.) The court also takes

---

[4] *See* Search Licensee, Minnesota Commerce Department, https://www.pulseportal.com/ Inquiry/searchEntityForProducerInfoSimple.do?method=menuInit&criteriaNextAction=producer InformationSimple&moduleCode=PRDCR_LIC&serviceCode=RQST_CNSMR&accessCode= MN&functionCode=DC (follow hyperlink; then select "Business" for Type; input "40776884" into License Number field and click search).

notice of UHG's business registration records in Minnesota and New York, both of which list

UHG's home jurisdiction in Delaware.[5]

Third, Mr. Wilde alleges that "[d]ocumentation sent to [him] clearly notes that the date of

the last payment on the alleged account was October 13, 2017." (Doc. 1 ¶ 15.) Although phrased

in the passive voice, the court construes all inferences in Mr. Wilde's favor at this stage of the

case. The court, therefore, infers that UHG sent the documentation and that UHG used an

instrumentality of commerce or the mails to do so.

Taken together and construing all reasonable inferences in Mr. Wilde's favor at the Rule

12 stage, the court finds that Mr. Wilde has plausibly alleged that UHG "use[d] any

instrumentality of interstate commerce or the mails" to collect debt from a debtor like Mr. Wilde.

It would be implausible that a business based in New York, with a home jurisdiction in

Delaware, registered as a business in Minnesota, with a debt collection license in Minnesota—

and that filed a state lawsuit in Texas—is not using any instrumentality of interstate commerce or

the mails to collect debt from Mr. Wilde. *See Abrahmov v. Fid. Info. Corp.*, No. 12-CV-03453,

2013 WL 5352473, at *2 (E.D.N.Y. Sept. 23, 2013) ("While the complaint does not explicitly

---

"For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006). That includes information from official government websites such as corporate certificates, required filings with the Secretary of State, and other similar filings. *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (collecting cases).

[5] Business Record Details, Office of the Minnesota Secretary of State, https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=05f5ca14-d7f2-eb11-91b1-00155d32b93a; Entity Information, New York Department of State Division of Corporations, https://apps.dos.ny.gov/publicInquiry/ (follow hyperlink; then select "EntityName" from Search By drop-down menu; then type "UHG I" in the EntityName field'; then select "LimitedLiabilityCompany" from the entity list and click search; select "UHG I LLC" from the list of results).

allege that defendant used the mails or any other instrumentality of interstate commerce to collect debts, the complaint does make allegations from which that fact may reasonably be inferred: the complaint alleges that defendant's principal place of business is California, that plaintiff resides in Nassau County, New York, and that plaintiff communicated with defendant by mail."); *cf. Villalba*, 2022 WL 900538, at *13 (concluding that use of email qualified as use of interstate commerce; distinguishing a case where parking penalties affixed to a car did not).

As a result, the court concludes that Mr. Wilde has plausibly alleged that UHG is a "debt collector" as the FDCPA defines that term. 15 U.S.C. § 1692a(6). UHG does not challenge the other elements necessary to Mr. Wilde's FDCPA claim. *See Wilkins*, 623 F. Supp. 3d at 270 (defining elements of FDCPA claim). Therefore, the court denies UHG's motion to dismiss.

## Conclusion

For the foregoing reasons, UHG I, LLC's Motion to Dismiss (Doc. 8) is DENIED.

Dated this 5th day of July, 2023.

_____
Geoffrey W. Crawford, Judge
United States District Court

12